UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

| | |
|---|---|
| JAMES SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | Court File No. 25-cv-2667<br><br>**COMPLAINT**<br><br>**AND JURY DEMAND** |

Plaintiff James Smith, for his claim of relief against Defendant Union Pacific Railroad Company, states and alleges as follows:

## PARTIES

1. Plaintiff James Smith ("Smith") is a citizen of Mississippi.

2. Defendant Union Pacific Railroad Company ("Union Pacific") was and is a corporation organized in Delaware with its principal place of business in Omaha, Nebraska. Union Pacific is a common carrier for hire by rail in and throughout the several States of the United States and for the purpose of operating said railroad did and does own, possess, operate and maintain, railroad cars, tracks, and other equipment throughout the State of Kansas. Union Pacific can be served through its registered agent at its registered agent's address: C T Corporation System, 112 SW 7th Street Suite 3C, Topeka, KS 66603.

///

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant 28 USC § 1332, as the plaintiff and defendant are citizens of different States and the matter in controversy exceeds $75,000.

4. This District is the proper venue, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to this cause of action occurred in this District.

## ALLEGATIONS

5. On November 30, 2023, Smith was driving southbound on N Fowler Street approaching a railroad-highway grade crossing in Meade, Kansas.

6. The railroad-highway grade crossing is a double track crossing that is owned and maintained by Union Pacific and identified as USDOT #605779G (hereinafter the "N Fowler Street Crossing").

7. The speed limit for southbound motorists approaching and attempting to traverse the N Fowler Street Crossing is 30 miles per hour.

8. There are two sets of tracks that traverse N Fowler Street at this location, a mainline track and an industrial track.

9. Union Pacific is responsible for maintaining the crossing surface for both sets of tracks through the N Fowler Street Crossing.

10. Over the years, Union Pacific has caused the mainline track to become significantly elevated from the industrial track.

11. The significant changes in elevation between the two tracks have created a serious safety problem for unsuspecting motorists attempting to traverse the N Fowler Street Crossing.

12. Union Pacific has long known about this safety issue at the N Fowler Street Crossing, but failed to remediate the safety issue it created.

13. As Smith was attempting to traverse the N Fowler Street Crossing at or below the speed limit with his seat belt on, the rough and uneven crossing surface caused him to lose control of his vehicle and shot him out of his seat. Smith hit his head on the ceiling of his vehicle and then slammed his lower back into his seat.

14. As a result of this incident, Smith was immediately in severe and excruciating pain.

15. Smith was able to regain control of his vehicle and veered it to the side of the roadway where his called emergency personnel.

16. Smith was transported by ambulance from the scene.

17. Smih's injury required considerable medical treatment including a spinal fusion.

18. As a result of his injuries, Smith has suffered, and will continue to suffer damages, including, but not limited to, medical care expenses, lost wages, loss of earning capacity, and physical and emotional pain, suffering, disabilities, disfigurement, mental anguish, and loss of enjoyment of life.

## CAUSE OF ACTION

19. Smith incorporates and realleges paragraphs 1 through 18 herein.

20. KSA 66-227 provides that "It is hereby made the duty of every person or corporation owning or operating any railroad crossed by a public highway, county highway or township road to make, and keep in good repair, good and sufficient crossings for such highway, road or street over their tracks, including all the grading, bridges, ditches and culverts within their right-of-way that may be necessary to make a safe crossing. The vertical profile or alignment of the centerline of the highway, road or street through the crossing shall comply with the American association of state highway and transportation officials (AASHTO) design manual titled, "a policy on geometric design of highways and streets" as published and in effect on January 1, 2001."

21. The 2001 AASHTO manual provides that, "The surface of the highway should also not be more than 75 mm [3 in] higher or lower than the top of nearest rail at a point 9 m [30 ft] from the rail. . . ."

22. The 2001 AASHTO manual diagram depicting this standard is below:



Exhibit 9-102. Railroad-Highway Grade Crossing

23. In addition to the above statutory duties, Kansas common law imposes a duty on Union Pacific to inspect, repair, and maintain its crossings in a safe condition so that they may be safely used my motorists.

24. Union Pacific—through its agents, employees, and officers—were negligent in one or more of the following ways:

    a. Failing to properly inspect, repair, and maintain the N Fowler Street Crossing.

    b. Failing to properly maintain the N Fowler Crossing in a reasonably safe condition and performing maintenance activities at the crossing that resulted in the mainline track to be built up higher than the industrial track, creating a severe hump between the two tracks.

    c. Violating state laws and regulations, including, but not limited to KSA § 66-227 and Kansas Regulation § 82-5-8

    d. Violating industry and Union Pacific's own rules, standards, and policies.

25. Union Pacific's negligence caused, in whole or in part, Smith's injuries and damages as described above.

## REQUEST FOR PLACE OF TRIAL

26. Pursuant to U.S. District Court of Kansas Rule 40.2, Plaintiff requests Kansas City, Kansas as the place of trial.

///

///

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff James Smith seeks judgment against Defendants Union Pacific Railroad Company in a reasonable sum for economic and noneconomic damages in an amount to be determined by the jury, in addition to costs and disbursements, interest, and all other such other relief as the Court deems just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Respectfully submitted:
**POTTROFF & KARLIN, LLC**

*/s/ Nathan L. Karlin*
Nathan L. Karlin, KS #26392
320 Sunset Avenue
Manhattan, Kansas 66502
Tel:  (785) 539-4656
Fax:  (785) 539-1750
Email:  nathan@pottroff.com

and

Jefferson Gilder
*(pro hac vice forthcoming)*
Josephine Gilder
*(pro hac vice forthcoming)*
291 Losher St
Hernando, MS 38632
Phone: 662-429-1027 P
Fax: 662-429-0242 F
Email: jfgilder@thelawyersthatlisten.com
Email: jefferson@thelawyersthatlisten.com